# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ENVIRONMENTAL INTEGRITY PROJECT, et al.**

    Plaintiffs,

v.

**SMALL BUSINESS ADMINISTRATION,**

    Defendant.

Case No. 1:13-cv-01962 (CRC)

## OPINION AND ORDER

Three non-profit environmental advocacy organizations—Environmental Integrity Project, Earthjustice, and The Sierra Club—submitted Freedom of Information Act requests for records concerning an EPA rulemaking that revised effluent limits for steam-powered electric plants ("Steam Rule"). Compl. ¶ 1. From the Small Business Administration ("SBA"), the groups requested: (1) records relating to communications between SBA and interest groups regarding the Steam Rule; (2) records relating to communications between SBA, EPA, the Office of Management and Budget ("OMB"), the Council on Environmental Quality, and the White House; and (3) records on various types of coal-plant waste. Id. ¶ 36. On the same day, the groups submitted requests to OMB for: (1) records relating to communications between OBM and interest groups regarding the Steam Rule; (2) records relating to communications between OBM and other government offices and officials regarding the Steam Rule; and (3) records relating to waste produced by coal plants. Am. Mot. to Am. Compl. Ex. B. Two months later, the groups sent a request to EPA for, among other things, data related to pollutant loading and removal calculations, impaired waters databases, a memorandum on proximity analysis methodology, and a guideline on pollutant removal costs. Id. Ex. C.

The environmental groups filed this action against SBA on December 9, 2013, to compel the

production of withheld records. On January 29, 2014, they sought leave to amend their complaint to add EPA and OMB as defendants. The SBA opposes amendment, arguing that the claims against it are unrelated to those against the EPA and OMB because the latter requests "are at different administrative stages . . . [and] involve different records . . . and withholdings made under different exemptions." Opp. to Am. Mot. to Am. Compl. at 1. The Court held a hearing on the environmental groups' motion on May 29, 2014.

A party may amend its pleadings more than 21 days after service with leave of the Court when justice so requires. Fed. R. Civ. P. 15(a)(2). FRCP 20(a)(2) permits joinder of parties as defendants if claims against them arise out of the same transaction or occurrence as the underlying case and there are common questions of law or fact. "Actions 'arising out of the same transaction, occurrence, or series of transactions' must be logically related claims." Pinson v. Dep't of Justice, 975 F. Supp. 2d, 20, 27 (D.D.C. 2013) (quoting Disparte v. Corp. Exec. Bd., 223 F.R.D. 7, 10 (D.D.C. 2004)). "Courts have discretion to permit or deny a joinder to 'promote convenience and expedite resolution,' but may not join claims that do not arise from the same transaction or share a common question of law or fact." Id. (quoting Montgomery v. STG Int'l Inc., 532 F. Supp. 2d 29, 35 (D.D.C. 2008)). The Court should also consider, under FRPC 21, whether joinder would prejudice any party or result in undue delay. E.g., M.K. v. Tenet, 216 F.R.D. 133, 138 (D.D.C. 2002).

Plaintiffs' claims against OMB are factually related to their claims against SBA. The groups requested essentially identical categories of records from the two agencies on the same day regarding the same underlying subject matter: inter- and intra-agency communications regarding the Steam Rule. Am. Mot. to Am. Compl. Ex. 1 & 2. Common questions of law also arise from these requests as SBA and OMB both invoke FOIA Exemption 5 to justify their withholdings, which the environmental groups expect to challenge. See Shapiro v. Dep't of Justice, 13-555, 2013 WL

2

5287615, at *1 (D.D.C. Sept. 19, 2013) (declining to sever separate FOIA claims where the agency invoked the same exemption to justify withholding records regarding similar general subject matters). Although SBA maintains that resolution of its anticipated summary judgment motion would be delayed if OMB is required to search a considerably larger database of records, Opp. to Am. Mot. to Am. Compl. at 11–12, SBA points to no prejudice it might suffer by waiting a reasonable period of time to move for summary judgment.

The environmental groups' claims against EPA, however, are not sufficiently related to this case to warrant the joinder of EPA as a defendant. Merely because FOIA requests target the same general subject matter, such as the effluent rulemaking here, does not mean they are related for purposes of Rule 20. See Pinson, 975 F. Supp. 2d at 30 (Rule 20(a) joinder not appropriate simply because parties "made similar types of FOIA requests to the Defendants"). The requests to EPA were for specific and voluminous technical data the EPA used in its rulemaking, which is quite different from the inter and intra-agency communications the environmental groups requested from SBA and OMB. The EPA requests also raise distinct legal issues because the EPA based its withholdings on a different FOIA exemption—Exemption 6. And, as both parties acknowledged at the hearing before the Court, there will likely be substantial additional delay caused by EPA's continuing confidential business information determinations under Exemption 6 before the environmental groups' claims against it can be adjudicated.

For these reasons, it is hereby

**ORDERED** that Plaintiffs' Amended Motion for Leave to Amend the Complaint [Dkt. No. 14] is granted in part and denied in part. It is further

**ORDERED** that Plaintiffs shall file an Amended Complaint joining OMB but not EPA on or before June 23, 2014.

**SO ORDERED.**

Date:   June 16, 2014

                                                      CHRISTOPHER R. COOPER
                                                     United States District Judge