UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ENVIRONMENTAL INTEGRITY PROJECT, et al.**,

Plaintiffs,

v.

**SMALL BUSINESS ADMINISTRATION, et al.**,

Defendants.

Case No. 1:13-cv-01962-CRC

## MEMORANDUM OPINION

As the Court noted in its Memorandum Opinion of August 5, 2015, the Effluent Limitation Guidelines ("ELGs") are federal requirements that limit what toxins may be discharged from coal-fired power plants. Plaintiffs Environmental Integrity Project, Earthjustice, and Sierra Club filed Freedom of Information Act ("FOIA") requests with the Small Business Administration ("SBA") and the Office of Management and Budget ("OMB") for records regarding OMB's review of an Environmental Protection Agency ("EPA") proposed update to the ELGs. SBA and OMB provided hundreds of documents in response to the requests, but withheld others based on the deliberative process privilege. Plaintiffs brought this action challenging the agencies' assertion of the privilege and their refusal to release allegedly segregable factual information contained in the records they did release.

In its Order of August 5, 2015, the Court granted summary judgment as to OMB, finding its submissions sufficient to support its privilege assertion. The Court deferred ruling as to SBA, however, because its affidavits and Vaughn Index were largely conclusory and lacked the specificity needed to evaluate a claim of privilege. As a result, the Court ordered that SBA

provide its withheld documents to the Court for *in camera* review. Having reviewed each of the eleven documents submitted by SBA, the Court concludes that the deliberative process privilege applies to ten of those documents, and that the remaining document is unresponsive to Plaintiffs' FOIA request. The Court will therefore grant the remainder of Defendants' motion for summary judgment in favor of SBA.

**I.     Background**

This case stems from a proposed change in the Steam Electric ELGs, the regulations limiting the amount of pollutants coal-fired power plants may discharge into rivers, streams, and lakes. See Pls.' Statement of Material Facts ("Pls.' Statement") ¶ 1. In April 2013, plaintiffs submitted identical FOIA requests to SBA and OMB. Id. ¶ 7. The requests sought the release of records in three categories:

> (1) all records exchanged and all records related to any meetings, telephone conversations, emails, or any other communications between [SBA/OMB] and the utility industry, representatives of the utility industry, trade group, special interests groups, and/or other non-governmental parties related to the Effluent Limitation Guidelines for the Steam Electric Generating Category; wastewater discharges from coal-fired power plants; and/or treatment technologies, or best available technology economically achievable ("BAT") for wastewater discharges from coal-fired power plants since April 3, 2013;
>
> (2) all records exchanged and all records related to any meetings, telephone conversations, emails, or any other communications between [SBA/OMB] and the EPA; [SBA/OMB], Council on Environmental Quality; Executive Office of the President; and/or White House staff, including, but not limited to, Heather Zichal, Rob Nabors, and Denis McDonough during interagency review for EPA's proposed Steam Electric ELGs Rule; and
>
> (3) all records related to handling of bottom ash wastewater, flue gas desulfurization (FGD) wastewater, and combustion residual leachate.

Compl. ¶ 36.

In June 2013, SBA provided Plaintiffs all category (1) and (3) records, and eventually released all but eleven category (2) records, which it withheld under FOIA Exemption 5. Pls.'

2

Statement of Material Facts, ¶¶ 8–11. Not satisfied with the extent of SBA's disclosures, Plaintiffs filed this action in December 2013. In November 2014, Defendants moved for dismissal or, alternatively, for summary judgment. In support of that motion, SBA submitted a Vaughn index and a declaration from Claudia Rodgers, its FOIA Officer and Deputy Chief Counsel. SBA also filed a supplemental declaration from Ms. Rodgers in January 2015.

## II.  Standard of Review

Congress passed FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Am. Civil Liberties Union v. U.S. Dep't of Justice, 655 F.3d 1, 5 (D.C. Cir. 2011). The statute imposes a general obligation on the government to provide records to the public. 5 U.S.C. § 552(a). Although FOIA provides exemptions to this general obligation to disclose, 5 U.S.C. § 552(b), "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed," NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978). Thus, FOIA "exemptions are 'explicitly made exclusive,'" Milner v. U.S. Dep't of the Navy, 562 U.S. 562, 565 (2011) (quoting EPA v. Mink, 410 U.S. 73, 79 (1973)), and they "must be 'narrowly construed,'" id. (quoting FBI v. Abramson, 456 U.S. 615, 630 (1982)).

## III.  Analysis

SBA claims that the eleven documents it withheld are exempt from disclosure under FOIA Exemption 5. That exemption permits an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "Courts have construed this exemption to encompass the protections traditionally afforded certain documents pursuant to

3

evidentiary privileges in the civil discovery context, including materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive deliberative process privilege." Formaldehyde Inst. v. U.S. Dep't of Health & Human Servs., 889 F.2d 1118, 1121 (D.C. Cir. 1989) (citations omitted).

In order to obtain protection under the deliberative process privilege, the agency must demonstrate that the materials are "both predecisional and part of the deliberative process." Id. (citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 151–52). A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at a decision, and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Coastal States Gas Corp. v. U.S. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980). A document may be withheld "if 'the disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" Formaldehyde Inst., 889 F.2d at 1122 (quoting Dudman Commc'ns Corp. v. U.S. Dep't of Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). Factual information, however, "may be protected only if it is inextricably intertwined with the policy-making processes." Soucie v. David, 448 F.2d 1067, 1077–78 (D.C. Cir. 1971).

In its August 5, 2015 Memorandum Opinion, the Court agreed with Plaintiffs that SBA's brief descriptions of its withheld documents were insufficient to justify invoking the deliberative process privilege. Having reviewed SBA's withheld documents, the Court is now in a position to evaluate SBA's claim of privilege. As discussed below, the Court finds that ten of the

documents are subject to the deliberative process privilege, and the remaining document is non-responsive to Plaintiffs' request.

### A. SBA Documents 1, 5, 6, 8, 9, 11, 12, 13, 14, and 16

SBA documents 1, 5, 6, 8, 9, 12, 13, 14, and 16 are classic examples of the types of communications that the deliberative process privilege is designed to protect. These documents reflect SBA's comments related to EPA's methodology, timing, and additional factors for EPA to consider; requests for clarification; draft calculations; analysis of EPA's assumptions and calculations; discussion of commenters' critiques and questions; and suggestions for improving the draft regulations. Each of these documents relates directly to the decisionmaking process and either includes or describes SBA's "recommendations, draft documents, proposals, [or] suggestions" and "reflect[s] the personal opinions of the writer . . . ." Coastal States Gas Corp., 617 F.2d at 866. Therefore, they fall squarely within the protection of FOIA Exemption 5.

Document 11, which SBA describes as an email from Kevin Bromberg, SBA's Assistant Chief Counsel for Environmental Policy, "re: steam Electric meeting," does not directly involve any SBA recommendation, proposal, or suggestion. Releasing this document would, however, likely expose aspects of SBA's decisionmaking process. It discusses the format in which SBA sought various EPA data and indicates how SBA was going about the process of developing its comments. As a result, it is also subject to withholding under FOIA Exemption 5.

### B. SBA Document 7

The deliberative process privilege cannot shield Document 7 from disclosure. But because its contents bear no relationship to Plaintiffs' FOIA request, it is a non-responsive document and need not be disclosed. SBA describes Document 7 as an email from Kevin Bromberg "re Steam electric v3 april 1." While the email's subject line would appear to indicate

some relationship to ELGs for the Steam Electric Generating Category, its content can best be described as friendly banter. It has nothing to do with the subject matter of Plaintiffs' FOIA request. Additionally, while the text of some emails mentioning SBA's comments were appended to the bottom of Mr. Bromberg's email, that text is duplicative of other documents properly withheld pursuant to the deliberative process privilege. Therefore, while SBA may not rely on FOIA Exemption 5 to withhold what Mr. Bromberg wrote in his email, as part of Document 7, SBA may withhold Mr. Bromberg's writing on the grounds that it is non-responsive to Plaintiffs' request.

### IV. Conclusion

For the reasons stated above, the Court will grant the remainder of Defendants' motion for summary judgment in favor of SBA and deny Plaintiffs' cross-motion for summary judgment as to SBA. An appropriate order accompanies this Memorandum Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:   August 28, 2015